FILED BY AD D.C.

05 MAY 31 PM 5:33

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES HENDERSON,

    Plaintiff,

vs.                              No. 04-2065-M1/An

OFFICER COHEN, et al.,

    Defendants.

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff, James Henderson, booking number 03112396, an inmate who was formerly confined at the Shelby County Criminal Justice Center (Jail), filed a complaint under 42 U.S.C. § 1983.[1] Plaintiff sued Officer Cohen, Lieutenant Steward, and Inspector Rodgers. On March 7, 2005, Defendants filed a motion to dismiss based upon Plaintiff's failure to prosecute. On March 21, 2005, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment, along with a supporting memorandum and supporting exhibits. To date, Plaintiff has not responded to the motion to dismiss or the motion for summary judgment. The Court

---

[1] Plaintiff's copies of the Court's orders have been returned to the Clerk as undeliverable. Defense counsel's attempted correspondence with the Plaintiff was returned with the notation that he was released 12/9/04. Plaintiff has failed to notify the Clerk of his current address.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-2-05



has determined, however, that no response is needed based upon its review of the entire record, including Plaintiff's Complaint, verified in compliance with 28 U.S.C. § 1746 and the exhibits to the Defendants' motion to dismiss.

The Defendants have raised the exhaustion requirement as the basis for their motion for summary judgment. Forty-two U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Porter v. Nussle, 534 U.S. 516, 524 (2002).

The Sixth Circuit has held that the language of 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care ). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Furthermore, § 1997e requires a prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust those remedies during

2

the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999).

The Court's review of the record as a whole demonstrates that Plaintiff's claim is fully within the scope of § 1997e. Plaintiff alleged that he filed a grievance and received a response that his grievance was not sustained. He did not attach a copy of his grievance. The Defendants have filed the affidavit of Deidra Woods, custodian of the records of the grievance office. Attached to Wood's affidavit are Plaintiff's Grievances # 84854 and # 84855,[2] dated Dec. 10, 2003; the recommended informal resolution to Grievance # 84854, dated Dec. 29, 2003; and the formal response, signed by Plaintiff and dated January 9, 2004. Henderson indicated that he agreed with the response and did not file an appeal. Instead, he filed this Complaint on February 2, 2004. Henderson's grievances name and relate to his dispute with Defendant Cohen. The grievances do not name or otherwise contain any references to Defendants Rodgers and Steward.

Plaintiff had an "available" administrative system for review of his claims. <u>Porter</u>, 534 U.S. at 524. He failed to utilize that system to fully exhaust his claims against Cohen and did not utilize the system to exhaust any claims against Rodgers and Steward. Furthermore, under existing Sixth Circuit caselaw, Plaintiff would not be allowed to amend his Complaint to

---

[2] Grievance # 84855 was repetitive and deemed nongrievable due to the ongoing investigation of Grievance #84854. Plaintiff did not appeal.

3

demonstrate exhaustion.[3] "[A] federal court should not prematurely 'decide' the merits" of an action "unless the complaint satisfies § 1997e(c)(2)." Brown v. Toombs, 139 F.3d at 1104. Plaintiff's allegations are clearly insufficient to satisfy the exhaustion requirements of § 1997e(a). Plaintiff's failure to exhaust his administrative remedies prevents the adjudication of his claims against any Defendant. Id. "A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim upon which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 304 F.3d at 489 (citing Knuckles-El, 215 F.3d at 642).

Accordingly, the Court determines it would be premature to render any decision on the merits of Plaintiff's claims. As Plaintiff has not exhausted his administrative remedies, the Court sua sponte DISMISSES the Complaint without prejudice under 42 U.S.C. § 1997e(a) as to all Defendants.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

---

[3] See Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). Under <u>Brown v. Toombs</u>, an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, Plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the Plaintiff in this case.

If Plaintiff is no longer incarcerated and files a notice of appeal, he must pay the entire $255 filing fee required by 28

U.S.C. §§ 1913 and 1917.[4] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[5] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

If Plaintiff is still incarcerated, the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore, 114 F.3d at 610-11. McGore sets out specific procedures for implementing the PLRA. If Plaintiff wishes to take advantage

---

[4] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[5] The district court may extend this deadline one time by thirty days if the motion to extend is filed before the expiration of the original deadline. McGore, 114 F.3d at 610.

6

of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 31 day of May, 2005.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02065 was distributed by fax, mail, or direct printing on June 2, 2005 to the parties listed.

---

James Henderson
SCJ-MEMPHIS
3112396
201 Poplar Ave.
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT